**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Terry T. AGUIAR, Defendant-Appellant.**

**No. 71-2434.**

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1972.

Philip Deitch, of Deitch, Shapiro & Posell, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Tom G. Kontos, Terry W. Bird, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

The Appellant, Terry T. Aguiar (Aguiar), was indicted together with four co-defendants on two counts. Count one charged the defendants with a conspiracy to deal in hashish and Count two charged the defendants with the transportation thereof, knowing it to be imported, all in violation of 21 U.S.C. Section 176(a). The charges were tried against Aguiar and one codefendant before a jury. On the fourth day of the trial the codefendant entered a plea of guilty to Count two and he left the trial. Upon the jury's return the Court instructed the jury as follows:

" . . . as you notice, Mr. Hoffmann and his counsel are no longer here. I want to tell you that Mr. Hoffmann, is no longer before you in any respect. The sole question which remains for you to decide is the guilt or innocence of Mr. Aguiar on the two charges that have been made against him.

"Now, I say this with as much force as I possibly can. You must not discuss this development at all in any way among yourselves or with anybody else. You must not speculate about it in any way. And you should not suffer any of your colleagues on the jury, now or later in your deliberations, to talk or speculate about this development in any way."

Aguiar was found guilty upon both counts and sentenced to custody. He appeals, claiming five specifications of error.

---

* Honorable William C. Hast, Senior United States District Judge, for the District of Oregon, sitting by designation.

We conclude that all claims of error are without merit and only these two warrant some discussion; (1) Did the trial court adequately and properly advise the jury regarding the absence of the co-defendant who had pleaded guilty on the fourth day of trial?; and (3) Did the trial judge conduct the trial in such a manner as to prejudice appellant's right to a fair trial as provided by the Sixth Amendment? We affirm.

## SPECIFICATION OF ERROR NO. 1

■ We conclude that the District Court's instructions were proper and more favorable to Aguiar than those approved in United States v. Washabaugh, 442 F.2d 1127 (9th Cir. 1971) and the authorities cited therein.

## SPECIFICATION OF ERROR NO. 3

■ "A trial judge is more than a moderator or umpire." His responsibility is to preside in the manner and with the demeanor to provide a fair trial to all parties and his discretion in the performance of this duty and management is wide. Robinson v. United States, 401 F.2d 248 (9th Cir. 1968), citing Smith v. United States, 305 F.2d 197 (9th Cir. 1962).

With the above premise in mind, we have read the transcript of the trial and it does demonstrate that the trial court took an active role in the management of Aguiar's trial. The vigor of the District Court's conduct did not, however, constitute reversible error. The Court at no time evidenced partiality in favor of the prosecution nor at any time expressly impinged the ability of Aguiar's counsel nor criticized the quality of Aguiar's substantive defense. Aguiar's main defense was a lack of knowledge on his part of the importation. A large amount of the testimony was involved around this issue.

For the most part the interference, if it be such, was directed toward eliciting more detailed answers to particular questions and this questioning of witnesses was suffered by the prosecution as much or more than Aguiar.

■ From the appraisal we conclude that the trial judge's direction of the time and place sequence of questioning and his take-over of questioning did not so persistently pervade the trial or create a courtroom climate unfair to the defendant. "The defendant is not sufficiently aggrieved to warrant a new trial . . [The trial court's role was not] such as to constitute a substantial and unwarranted interference with counsel in the presentation of [his case]. . . ." See Smith v. United States, *supra* at 205.

We realize that a given trial judge's technique in and demeanor while conducting a fair and orderly trial may be heavily taxed and burdened when he sees ahead a rambling course, a goose chase or when he senses a weakening of a party's cause due to one counsel's ineptness and another's expertise or zeal. The temptation is great. While hindsight and prudence may dictate a less active role the record taken in its entirety shows no prejudice to Aguiar.[1]

Affirmed.

[1]. The American Bar Association House of Delegates approved in August 1972 the Standards Relating to the Function of the Trial Judge. The first section of that new manual reads:
"1.1 General responsibility of the trial judge.
"(a) The trial judge has the responsibility for safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice. The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his own initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial. The only purpose of a criminal trial is to determine whether the prosecution has established the guilt of the accused as required by law, and the trial judge should not allow the proceedings to be used for any other purpose."