990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sakhawat ULLAH, Jr., Defendant-Appellant.
 No. 91-10038.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1993.*
Decided March 19, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sakhawat Ullah, Jr. appeals his convictions for falsely representing himself as a citizen of the United States (18 U.S.C. § 911) and for using a passport secured by a false statement (18 U.S.C. § 1542). We have jurisdiction of his timely appeal under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A. The Driver's License.
 
 
 4
 1. Federal Rule of Criminal Procedure 16(a)(1)(C) requires the government to provide, at the defendant's request, certain physical items, including those obtained from or belonging to the defendant and which, as is relevant to this case, "are intended for use by the government as evidence in chief at the trial...." This phrase has been held to be synonymous with "case-in-chief." United States v. Givens, 767 F.2d 574, 583 (9th Cir.), cert. denied, 474 U.S. 953 (1985). Since the driver's license was only used to impeach Ullah's father's testimony that his son had never used the name "Mohammad Sakhawat Ullah," which was the name on the driver's license, the failure to disclose the driver's license was not part of the Government's case-in-chief, and failure to disclose it did not violate Rule 16.
 
 
 5
 2. Rule 16(a)(1)(C) also requires productions of documents which are "material to the preparation of the defendant's defense." Evidence is material if it "enable[s] the accused to substantially alter the quantum of proof in his favor." United States v. Marshall, 532 F.2d 1279, 1285 (9th Cir.1976). Ullah's showing falls short of meeting this burden. The license had his picture on it, which made it an unlikely candidate for use in Ullah's favor.
 
 
 6
 Additionally, Ullah speculates that his expert could perhaps have examined the document and testified that Ullah did not sign it. This speculation falls short of showing a substantial alteration of the quantum of proof in Ullah's favor.
 
 
 7
 3. Ullah also contends the document should have been turned over to him as a document belonging to him. However, the copy introduced at trial was obtained from the records of the State of California. Neither the document nor the information on it, even if given to the State by Ullah, constitute tangible objects of Ullah's subject to Rule 16.
 
 
 8
 B. Brady Violation.
 
 
 9
 Ullah's claim that the Government's failure to disclose the license was a violation of the command of Brady v. Maryland, 373 U.S. 83 (1963), is equally unavailing. In order for defendant to get relief under Brady, there must be "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Kennedy, 890 F.2d 1056, 1058 (9th Cir.1989) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)), cert denied, 494 U.S. 1008 (1990). With Ullah's picture on the license, even a favorable opinion by Ullah's handwriting expert would not undermine confidence in the outcome of the trial. See id. at 1058-59. Ullah's due process rights were not violated.
 
 
 10
 C. Double Jeopardy.
 
 
 11
 Ullah's contention that the prosecution was barred by double jeopardy or collateral estoppel flowing from the reversal of his conviction for transporting aliens is without merit. The facts necessary to prove the charges in the instant case have no necessary overlap with the charge of transporting aliens. Citizenship of the transporter is not an element of that crime. See 8 U.S.C. § 1324(a)(1)(B). To convict Ullah in this case, the Government did not have to prove any fact relating to transporting aliens. See 18 U.S.C. § 911 and § 1542. Ullah was not put twice in jeopardy by the prosecution in this case as each statute requires proof of a fact the others do not. Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3