41 F.3d 1514
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel Rene MARTINEZ, Defendant-Appellant.
 No. 93-10423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1994.
Decided Nov. 9, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Gabriel Rene Martinez appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). He claims the district court violated his right to be free from double jeopardy by retrying him following a mistrial. He also claims the district court erred by admitting fingerprint evidence at the second trial that the government had failed to turn over prior to the first trial. He challenges the court's instruction on intent, and the court's decision not to release him pending appeal. We reject Martinez's double jeopardy challenge as well as his other claims, and affirm his conviction.
 
 I. BACKGROUND
 
 4
 The Tucson Police Department received a complaint from Esperanza Mendoza, Martinez's longtime girlfriend, that he was a felon,[1] had a firearm, and had threatened her. Two agents from the Bureau of Alcohol, Tobacco and Firearms ("ATF") took a statement from Mendoza, who told them she had bought a 9mm Beretta handgun for Martinez. The agents then interviewed Martinez at his parents home, where he had lived in the past.[2] They told him they were looking for a 9mm Beretta handgun, and Martinez said he had taken the gun from Mendoza and resold it. Martinez directed the agents to his former bedroom, where they found a holstered, loaded .44 magnum pistol and a Mossberg 12-guage shotgun. The agents also found several boxes of ammunition, including 9mm ammunition. ATF agent Barnum, a fingerprint specialist, found Martinez's fingerprints on the .44 magnum pistol and on a box of 9mm ammunition.
 
 
 5
 Martinez was charged with being a felon in possession of firearms--specifically, the 9mm Beretta, the .44 caliber pistol, the shotgun, and the 9mm ammunition. Martinez's counsel signed an early disclosure agreement with the government. Under this agreement, the government turned over "reports and statements which [were] not discoverable until after the appropriate witnesses ... testified on direct examination," and the defense agreed to provide the government with all evidence it was planning to use at least ten days prior to trial. Before the trial began, the defense made a motion under Rule 16 of the Federal Rules of Criminal Procedure for the government to produce any evidence relevant to the defense. The district court denied the motion, ruling that it was covered by the early disclosure agreement.
 
 
 6
 On the first day of trial, the government presented its witness list, which included two new names. One of these was a replacement witness, and the other was Agent Barnum, the fingerprint expert, whom the government said it was planning to use as a rebuttal witness, if necessary. During the trial, the judge asked Agent Murillo, another ATF agent, whether the weapons had been fingerprinted. When Murillo responded affirmatively, the defense asked whether the government had found Martinez's prints on the weapons and whether the government had prepared a report. Murillo answered "yes" to both questions. A short time later the defense moved for a mistrial on the ground that the jury had heard evidence that should have been, and had not been, turned over earlier to the defense. The district court granted the motion and declared a mistrial.
 
 
 7
 Martinez then made a motion to dismiss on the ground that a second trial would violate his right to be free from double jeopardy. The district court rejected this motion. He then asked the court to preclude the government from introducing the fingerprint evidence in the second trial based on the government's failure to comply with the early disclosure agreement and Rule 16. The court denied this motion as well. Martinez was retried, and the jury found him guilty only of possessing the 9mm Beretta. He was sentenced to 27 months in prison.
 
 II. DISCUSSION
 A. Double Jeopardy
 
 8
 Martinez claims the district court violated his constitutional right to be free from double jeopardy when it retried him following the mistrial. When the defendant requests a mistrial, as was the case here, the Double Jeopardy clause does not bar a retrial "unless the defendant can show that the 'conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial.' " United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991) (quoting Oregon v. Kennedy, 456 U.S. 667, 679 (1982)).
 
 
 9
 Martinez claims the government withheld the fingerprint report, which stated that his fingerprints had been found on some of the evidence, as part of a calculated effort to create a mistrial. The government responds that it did not intentionally provoke the mistrial. In fact, the government claims it did not even violate the early disclosure agreement or the rules of criminal procedure when it chose not to turn over the report. After examining the record, we conclude there is no evidence that the government intentionally provoked the mistrial. We therefore reject Martinez's double jeopardy challenge.
 
 
 10
 We review de novo the district court's denial of a motion to dismiss on double jeopardy grounds. United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990), cert. denied, 113 S.Ct. 1384 (1993). We also review de novo the court's legal construction of Rule 16 of the Federal Rules of Criminal Procedure. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990).
 
 
 11
 Rule 16 requires the government to turn over "any results or reports ... of scientific tests ... which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial." Fed.R.Crim.P. 16(a)(1)(D). The government states it did not use the fingerprint testimony in its case in chief, but rather intended to use it in rebuttal, if necessary. We do not find this statement to be a misrepresentation. The government further argues that the report was not material to Martinez's defense and therefore did not fall under either prong of Rule 16.
 
 
 12
 The government contends the fingerprint evidence was not material because it was inculpatory, not exculpatory. The government relies on our statement in United States v. Marshall, 532 F.2d 1279, 1285 (9th Cir.1976), that "[t]he requirement of materiality ... signifies that the pre-trial disclosure of the evidence in question must enable the accused to substantially alter the quantum of proof in his favor." Needless to point out, the fingerprint evidence does not fall into such a category.
 
 
 13
 The district court rejected the government's limited definition of materiality, stating:
 
 
 14
 To say that material to the preparation of the defense is synonymous with exculpatory to the defense is making an enormous leap in the words that are used.
 
 
 15
 Had that been intended, that could have clearly been stated: Only Rule 16 tests [that] are exculpatory have to be disclosed....
 
 
 16
 Materiality is an entirely different matter. Something is material to the defense if it has an impact upon the defense.
 
 
 17
 I cannot imagine what would have a larger impact on the defense, even in the likelihood or the possibility of a non trial disposition, than the presence of fingerprints on firearms that the defendant is charged with having possessed here.
 
 
 18
 9/30/92 Rep.Tr. at 20-21.
 
 
 19
 Courts have distinguished between evidence that is exculpatory, and thus discoverable under Brady v. Maryland, 373 U.S. 83 (1963), and evidence that is material and thus discoverable under Rule 16. See United States v. Sanders, 893 F.2d 133, 137 (7th Cir.) ("Due process requires the government to disclose exculpatory evidence [citing Brady ]; Rule 16 provides for the production of other evidence."), cert. denied, 496 U.S. 907 (1990); United States v. Messerlian, 832 F.2d 778, 795 (3d Cir.1987) ("Under Rule 16(a)(1)(D), the information that the government must disclose need not be exculpatory; it merely must be material to the preparation of the defense."), cert. denied, 485 U.S. 988 (1988); United States v. Kaplan, 554 F.2d 577, 579-80 (3d Cir.1977) ("Where documentary evidence is exculpatory, it may be within both Brady and Rule 16, but nonexculpatory records are obtainable in advance of trial only by virtue of Rule 16.").
 
 
 20
 This is not an appropriate case, however, to attempt to expand the definition of "materiality" in Rule 16 beyond the definition in Marshall, as we will now explain.
 
 
 21
 Martinez claims the government's failure to turn over the report was part of a calculated effort to provoke a mistrial. He bases this claim on a theory that under the early disclosure agreement, the government would not have been able to introduce the fingerprint evidence at trial because it received the report fewer than ten days before trial. He speculates that the government provoked the mistrial so it would be able to use this evidence at a second trial. He has no evidence to support this speculation, however, and he misinterprets the requirements of the early disclosure agreement. The agreement requires the defense to turn over all evidence no less than ten days before trial, but it sets no time limit for the government. Thus, the agreement would not have precluded the government from introducing the fingerprint evidence at trial, and there was no need for the government to provoke a mistrial. In fact, the allegation that the government withheld and used the evidence as part of some hidden strategy simply makes no sense.
 
 
 22
 Because there is no evidence the government intentionally provoked the mistrial, the Double Jeopardy clause did not bar Martinez's retrial, and the Rule 16 issue in this context is effectively moot.
 
 
 23
 B. Admission of the fingerprint evidence at the second trial
 
 
 24
 Martinez claims the district court erred in admitting the fingerprint evidence during the second trial. He argues that because the government failed to turn over the evidence prior to the first trial as required by the early disclosure agreement, it should be precluded from introducing the evidence at the retrial. We will reverse an evidentiary ruling only for abuse of discretion, United States v. Chu Kong Yin, 935 F.2d 990, 994 (9th Cir1991), and we find none here.
 
 
 25
 Martinez asks us to enforce the early disclosure agreement in a "meaningful way" by ruling that the government should be permanently barred from using the fingerprint evidence. However, he cites no authority supporting such a severe sanction.
 
 
 26
 Furthermore, the agreement's purpose was to give each side notice of what evidence the other intended to use, so both sides would be prepared for trial. In denying Martinez's motion to exclude this evidence, the district court stated:
 
 
 27
 [Y]ou have had those reports now for a substantial period of time, and the sanction that I imposed at that time was the mistrial because you didn't have them in advance. But I don't think it's appropriate to exclude that evidence now that you have had an opportunity to be aware of its existence and meet it in any way that you feel is appropriate.
 
 
 28
 ER at 61-62. We agree with the district court that any arguable prejudice the government might have caused by not disclosing the report was cured when the court declared a mistrial. Thus, the district court did not abuse its discretion in admitting the evidence at the second trial.
 
 C. The intent instruction
 
 29
 Martinez claims the district court's jury instruction on the intent element of the possession charge was an incorrect statement of the law. We do not agree.
 
 
 30
 "Whether a jury instruction misstates elements of a statutory crime is a question of law reviewed de novo." United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). However, we review a district court's formulation of jury instructions for abuse of discretion. Id. "Our inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberation." United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991).
 
 
 31
 The relevant portion of the instruction stated:
 
 
 32
 The intent which must be proved beyond a reasonable doubt is knowledge that the instruments possessed are firearms. No other intent need be proved.
 
 
 33
 Possession may be either actual or constructive. The defendant had constructive possession if he had the intent and the power to exercise dominion and control over the weapons as charged.
 
 
 34
 ER at 20. The jury asked the court to clarify the intent requirement, and the court responded: "The intent required includes proof beyond a reasonable doubt that the defendant intended to possess the firearm(s)." Id. at 28. Martinez argues the instruction allowed the jury to convict him merely for being in the vicinity of a firearm and being able to identify the object as a firearm, even if he never had any intent to exercise dominion or control.
 
 
 35
 While we agree that the instruction could have been clearer, we conclude that the initial instruction, when combined with the court's answer to the jury's question, correctly states the intent requirement. A better possession instruction would state that " '[a] person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.' " United States v. Terry, 911 F.2d 272, 280 (9th Cir.1990) (quoting Manual of Model Criminal Jury Instructions for the Ninth Circuit Sec. 3.16 (1989)). The instructions given by the district court did include the necessary elements of knowledge and intent to possess. While the court could have worded them more artfully, the instructions, as they were given, did not constitute error.
 
 D. Release pending appeal
 
 36
 Martinez claims the district court erred in denying his motion for release pending appeal. In order to release a defendant pending appeal, a court must find, by clear and convincing evidence, that the defendant (1) does not pose a flight risk, (2) does not pose a danger to anyone else, and (3) has raised a substantial question of law or fact likely to result in a reversal or reduced sentence. 18 U.S.C. Sec. 3143(b); see United States v. Wheeler, 795 F.2d 839, 840 (9th Cir.1986).
 
 
 37
 In denying Martinez's motion, the district court focussed on the last two requirements. The court found that Martinez could pose a danger to others, particularly his ex-girlfriend, because he had numerous arrests and convictions for assault and domestic violence. The court also concluded that the issues he raised on appeal were unlikely to result in reversal. We cannot say either of these conclusions is erroneous, and we affirm the district court's decision to deny release pending appeal.
 
 II. CONCLUSION
 
 38
 We reject Martinez's Double Jeopardy challenge as well as his other claims, and we affirm the conviction.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3
 
 
 [1]
 Martinez had been convicted in 1986 of Theft by Control and in 1989 of Solicitation to Unlawfully Possess a Narcotic Drug. Both convictions were in Arizona, and both crimes are felonies
 
 
 [2]
 There is conflicting evidence about whether Martinez was living in his parents home at the time of the search