41 F.3d 1514
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Jay TESDAHL, Defendant-Appellant.
 No. 93-10589.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1994.*
Decided Nov. 18, 1994.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert Jay Tesdahl appeals his sentence under the Sentencing Guidelines for his guilty plea conviction of bank robbery in violation of 18 U.S.C. Sec. 2113(a). The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. Sec. 3742(a). We affirm.
 
 
 4
 On July 24, 1992, Tesdahl, a four-time convicted felon, robbed the First Interstate Bank of Nevada. He pled guilty to bank robbery in violation of 18 U.S.C. Sec. 2113(a). The Pre-Sentence Investigation Report indicated that Tesdahl had previous felony convictions for a 1959 grocery store robbery, a 1960 bank robbery, a 1966 bank robbery and a 1988 bank robbery, as well as associated parole violations. Tesdahl contends that the district court erred when it sentenced him as a "career offender" under section 4B1.1 of the Sentencing Guidelines. More specifically, he attacks the district court's consideration of his 1966 conviction as a prior conviction. Tesdahl makes the following three arguments: (1) his 1966 bank robbery conviction was too old to be considered as a prior conviction under the career offender provisions, (2) because his previous parole violations were not violent they should have no impact on the district court's career offender analysis and (3) career offender treatment would constitute a double penalty.
 
 
 5
 To be sentenced as a career offender under section 4B1.1, a defendant must meet three requirements: (1) he must be at least eighteen years old at the time of the instant offense; (2) the instant offense must be a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant must have at least two prior felony convictions involving either violence or a controlled substance. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992). The provisions of section 4A1.2 are applicable to the counting of convictions under section 4B1.1. U.S.S.G. Sec. 4B1.2 comment n. 4. Pursuant to section 4A1.2(e)(1), a prior conviction may be counted for purposes of section 4B1.1 only if the conviction resulted in the defendant's incarceration during any part of the fifteen years prior to the commission of the present offense.[1] The Guidelines provide further that, when a prison sentence is reinstated upon revocation of parole, the district court should "add the original term of imprisonment to any term of imprisonment imposed upon revocation." U.S.S.G. Sec. 4A1.2(k)(1). The court must count the two periods of imprisonment as a single prison sentence for purposes of deciding whether that sentence falls within section 4B1.1's fifteen-year limitation. United States v. Latimer, 991 F.2d 1509, 1511 (9th Cir.1993) (citing United States v. Harrington, 923 F.2d 1371, 1375 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991)) (incarceration resulting from parole revocation was within fifteen years of present offense and could be considered in determining applicability of career offender provisions). If a sentence is reinstated after a parole revocation, the original sentence is counted only if "the date of last release from incarceration on [the post-revocation] sentence" falls within the fifteen-year time frame. Id. at 1511.
 
 
 6
 Tesdahl does not dispute that his current offense of bank robbery is a crime of violence. Nor does he argue that his 1988 bank robbery conviction was improperly considered by the district court as a prior conviction. His challenge is to the district court's decision to count a 1966 bank robbery as falling within the applicable fifteen-year time limitation because the resulting sentence was not imposed within fifteen years of July 24, 1992--the date of the present offense. See U.S.S.G. Sec. 4A1.2(e)(1). The only case cited by Appellant in support of his position, United States v. Alvarez, 960 F.2d 830 (9th Cir.), superseded, 972 F.2d 1000 (9th Cir.1992), has been superseded and is, in any event, inapposite. In the superseded opinion, the Alvarez Court held that the district court erred in basing its career offender determination on three prior convictions. The first conviction was too old to qualify under section 4B1.1 because the defendant was released from custody more than fifteen years prior to the instant offense. The grand theft conviction did not constitute a crime of violence and the battery conviction could not be counted as a prior conviction because it was punishable by only six months.[2] Significantly, however, the Court noted that a 1965 robbery conviction could be considered a prior conviction if the defendant's incarceration, including any incarceration imposed as a result of probation revocation, terminated within the fifteen-year period. Id. at 838. In the later Alvarez opinion, the Court reversed the district court's imposition of career offender status upon a defendant whose instant offense was being a convicted felon in possession of a firearm because that offense did not constitute a "crime of violence." In the case at bar, Appellant's bank robbery conviction is a crime of violence punishable by more than one year and one month. Most important, however, as detailed below, Tesdahl's incarceration for the 1966 bank robbery ended within fifteen years of the instant offense.
 
 
 7
 Tesdahl committed the instant offense on July 24, 1992. Therefore, under the authority of Latimer and Harrington, the 1966 bank robbery would constitute a prior conviction as long as Tesdahl was incarcerated for it any time after July 24, 1977. Any period of reincarceration resulting from a parole revocation would also be counted as long as such reincarceration occurred within the fifteen-year period.[3]
 
 
 8
 Tesdahl's history of parole violations relating to his 1966 bank robbery conviction is quite lengthy. As detailed in the April 28, 1993, Pre-Sentence Investigation Report, Tesdahl originally began serving his sentence for the bank robbery in 1966. He was paroled on July 17, 1972. On September 6, 1972, a parole violation warrant was issued because Tesdahl defrauded an innkeeper and left the district. He was reincarcerated and reparoled on August 15, 1975. In April and May, 1976, Tesdahl was arrested twice for drunk driving, and was sent to a Kansas City community treatment center. Because he continued to consume alcohol while at the treatment center, another parole violation warrant was issued on May 27, 1976. He was sent back to the United States Penitentiary at Leavenworth, Kansas, but was released to a treatment center on September 19, 1977. He escaped from the treatment center and was sent back to Leavenworth on August 7, 1977. Tesdahl was again paroled in January 25, 1980, only to face another parole violation warrant on August 29, 1980. On September 4, 1980, Tesdahl was sent to a Las Vegas community treatment center. Another parole violation was issued on September 21, 1981, due to Tesdahl's continued substance abuse and his failure to return to the treatment center. He was apprehended on October 5, 1981, at which time his parole was again revoked. He was reincarcerated at FCI Pleasanton, California, and finally released on June 9, 1982, upon the completion of his sentence. The June 1982 release date is well within the fifteen-year time frame. Thus, the district court did not err when it considered the 1966 bank robbery as a prior conviction for purposes of career offender treatment.
 
 
 9
 Tesdahl's next argument is that, although the 1966 robbery was a crime of violence, his parole violations were non-violent and thus should not be considered for purposes of the career offender treatment. Tesdahl does not support his position with relevant authority. Section 4A1.2(e)(1) specifically instructs the court to count "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated" during any part of the fifteen-year period. That would include any sentence which was reinstated as a result of parole revocation and which was being served within the fifteen-year period. U.S.S.G. Sec. 4A1.2(k); Harrington, 923 F.2d at 1375 (citing United States v. Gardner, 905 F.2d 1432, 1439 n. 5 (10th Cir.), cert. denied 498 U.S. 875, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990)). Section 4A1.2(k), the only provision in the Guidelines that addresses the question of post-revocation sentences, makes no distinction between violent and non-violent parole violations.
 
 
 10
 Appellant advances the additional argument that the application of the career offender provisions resulted in a double enhancement of his punishment. Essentially, he argues that even absent career offender treatment, his sentence would have increased as a result of the interaction of the base offense level and criminal history elements. Tesdahl's double penalty argument is at odds with Ninth Circuit authority. In United States v. Sanchez-Lopez, 879 F.2d 541 (9th Cir.1989) the Court stated that career offender treatment did not result in double punishment because "[t]he Sentencing Guidelines are not a separate statutory provision of penalties [but] are intended to provide a narrow sentence range within the range authorized by the statute for the offense of conviction." Id. at 559. The Court stated further that "[t]he method the Sentencing Commission used to calculate the sentence under the career offender provision is of no consequence ... where the sentence is sanctioned by Congress by statute." Id. at 559. 28 U.S.C. Sec. 994(h) makes it clear that career offenders must receive a sentence at or near the maximum term authorized by the underlying felony statute.[4] Section 4B1.1 implements this mandate. U.S.S.G. Sec. 4B1.1 comment (backg'd). Under 18 U.S.C. Sec. 2113(a) the maximum applicable sentence for bank robbery is twenty years. The district court's application of the career offender provisions resulted in a sentence of 151 months, or twelve years and seven months. Absent application of the career offender provisions, Tesdahl had an offense level of 19 and a criminal history of category of VI. The resulting applicable range of 63 to 78 months (i.e., 5- 1/4--6- 1/2 years) is so far below the twenty year statutory maximum imposed by section 2113(a) that failure to apply the career offender provisions would have gutted Congress' intent to impose a sentence "at or near" the statutory maximum.
 
 
 11
 For all of the foregoing reasons, the district court properly treated Tesdahl as a career offender.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Any prior sentence of imprisonment exceeding one year and one month that was imposed within the fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. Sec. 4A1.2(e)(1)
 
 
 [2]
 Only sentences exceeding one year and one month may be counted under the career offender provisions. U.S.S.G. Sec. 4A1.2(e)(1)
 
 
 [3]
 See generally United States v. Paskow, 11 F.3d 873, 881 (9th Cir.1993) ("Revocation of parole is not a punishment for a new offense, although the conduct on which revocation is based may be punished separately. For revocation purposes, the conduct simply triggers the execution of the conditions of the original sentence.")
 
 
 [4]
 Section 994(h) provides that "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for career offenders. 28 U.S.C. Sec. 994(h)