**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred Arthur LANE, III and William Kent Jones, Defendants-Appellants.**

**Nos. 76–1717 and 76–1718.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 30, 1977.

Decided April 6, 1978.

Rehearing Denied May 30, 1978.

Kenneth A. Senn, Aspen, Colo., for defendant-appellant Lane.

Thomas T. Crumpacker, Aspen, Colo., for defendant-appellant Jones.

Rodney W. Snow, Asst. U. S. Atty. (James L. Treece, U. S. Atty.), Denver, Colo., for plaintiff-appellee.

Before SETH, Chief Judge, and LEWIS, Circuit Judge, and BRIMMER,* District Judge.

LEWIS, Circuit Judge.

Defendants appeal from a judgment of the district court entered on a jury verdict of guilty in a prosecution for distribution of cocaine. 21 U.S.C. § 841(a)(1). On appeal defendants claim numerous errors, some claims being made jointly and some individ-

---

* Clarence A. Brimmer, Chief Judge, United States District Court of Wyoming, sitting by designation.

ually. We begin by addressing defendant Lane's claim that the evidence was insufficient to prove his guilt beyond a reasonable doubt.

■ Viewing the evidence in a light most favorable to the government, as we must, the undercover agent's testimony established that his first discussion with Lane about this transaction was on February 24, 1976. On that date Lane suggested he and defendant Jones had a cocaine deal they thought the agent would be interested in. Lane suggested that the agent discuss the details with Jones and Jones subsequently handled the negotiations on price and amount. Lane's next involvement was on February 26 when Jones told the agent over the phone that he and Lane would deliver the drug in Denver by placing it in a van parked at the Denver Airport. After the agent delivered the purchase money to Jones, the agent was directed to the van and inside found a paper bag containing white powder. Lane appeared at that time and asked the agent if he had found the bag and if it looked alright. Both Lane and Jones were arrested at the scene after the agent performed a chemical test on the powder in the bag which indicated the presence of cocaine.

We believe the above evidence was sufficient to find defendant Lane guilty beyond a reasonable doubt of distributing cocaine. Under the statutory definition, "distribute" means "actual, constructive, or attempted transfer." 21 U.S.C. §§ 802(11), 802(8). The testimony of the government agent established Lane's participation in the transfer of cocaine. The fact that the testimony was largely uncorroborated is not significant in this context because we have previously held that the testimony of an undercover agent alone is sufficient to convict under 21 U.S.C. § 841(a)(1). *See United ed States v. Martin,* 10 Cir., 526 F.2d 485, 486.

■ The second issue requiring our consideration is one raised by both defendants. Error is claimed in comments made by the prosecutor in closing argument.[1] Defendants argue the government attorney attempted to bolster the credibility of his principal witness by giving his personal opinion of the agent's trustworthiness and by associating the testimony with the U. S. Attorney's office. Defendant Jones moved for a mistrial based on the comments but the motion was denied. We believe the district court was correct.

Although we have in the past ordered a new trial on the basis of prosecutorial misconduct, the cases in which it has occurred exhibit substantially more serious misconduct than occurred here. *See, e. g., United States v. Ludwig,* 10 Cir., 508 F.2d 140. Indeed, from a reading of the record we find the statement which defendants claim is most objectionable (see note 1 *supra*) somewhat ambiguous. Under these circumstances, accompanied by the fact that a cautionary instruction was given negativing any improper inference the jury might have drawn, we do not believe reversible error exists.

■ In a third allegation of error, defendant Jones argues he was prejudiced in his defense by the failure of a government informant to appear and testify. Jones argues the informant would have aided in establishing an entrapment defense. The district court denied a continuance when the informant failed to appear on the grounds that defendant had not shown a

---

1. The comments principally complained of were as follows:

   *Mr. Snow:* Mr. Ware would have you believe that this is a battle of credibility. That the only thing we stand on is Agent Knapp. It is not the only thing we stand on. We stand, also, on Agent Fagan as well as Mr. Buybal.

   Mr. Ware would have you believe that this man [Agent Knapp] has plotted with malice to concoct a story, lied upon the stand under oath, simply to better his record. We would submit to you that it requires more than one person in our system to concoct, because it is this man's testimony; Mr. Fagan's testimony; and Yes, the United States Attorney's office is their bedfellow, also.

   *Mr. Ware:* Your Honor, I am going to ask that that remark be stricken. It is highly improper.

   *The Court:* That remark is inappropriate.

reasonable likelihood of establishing entrapment. On a motion for new trial after the verdict the informant did appear but claimed the fifth amendment privilege as to all questions. The district court denied the motion for new trial, again deciding that no evidence of entrapment was alleged and, because the fifth amendment would have been asserted at trial, the failure of the informant to appear had not prejudiced defendant. We think the first ground of denial is sufficient for us to affirm the district court's judgment.

In this court's latest decision on entrapment we made clear that in order for the defense to be valid the criminal activity must have been the "creative activity" of a government agent. *United States v. Swets,* 10 Cir., 563 F.2d 989. "[T]he fact that a Government agent affords an opportunity for the commission of an offense and otherwise engages in artifice and stratagem does not constitute entrapment." *Id.* at 990. The only basis for entrapment that defendant Jones asserted as to this transaction was that the informant had introduced him to Agent Knapp, who was posing as a drug dealer. Jones put on no evidence at trial substantiating his claim of entrapment. The district court was clearly correct in denying the motion for a new trial.

■ Defendant Lane also asserts he was prejudiced in his defense by the destruction of certain investigation notes kept by Agent Knapp. This contention was in no way presented to the trial court and reaches us only through a supplement to appellant's brief. Appellant's burden to show clear error is accordingly a heavy one.

At the time Agent Knapp destroyed the subject notes it was common practice for DEA agents to do so after a formal report had been prepared. Such destruction was neither required nor prohibited by an official agency regulation or policy. The practice, as such, has recently been severely criticized by both the Ninth and D. C. Circuits. *See United States v. Harris,* 9 Cir., 543 F.2d 1247; *United States v. Harrison,* 173 U.S.App.D.C. 260, 524 F.2d 421. However, the cited cases each consider the prac-

tice only as it pertains to agent's notes taken contemporaneously with an *interrogation.* The agent's notes in such regard are intended to reflect only the informed accused's or a witness' statement. It is obvious that any deviation from the notes appearing in the official report of the statement may furnish an aid to an accused. Such is not our case. The subject notes concerned the undercover agent's activities. The notes are not written contemporaneously but hours, even days, later. The very existence of such notes constitutes a real hazard to the undercover agent. Interrogation notes are intended to be factual only. Notes of undercover activity may well contain impressionary matter involving diverse persons. We think it would be a judicial invasion into proper law enforcement to *require* the preservation of such notes and are convinced that to reverse this case as appellant urges at this late date would thwart justice. *See generally United States v. Smaldone,* 10 Cir., 484 F.2d 311, 311–18, *cert. denied,* 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469.

■ Defendants raise several other issues which require only brief treatment. Lane contends the statute classifying cocaine as a schedule II narcotic (21 U.S.C. § 812) is unconstitutional because there is no rational basis for the classification. Lane presents scientific evidence to support his argument that cocaine is not a narcotic. We have previously considered this precise question in *United States v. Smaldone, supra,* at 319–20. Defendant's argument was rejected in that case with reasons given. No further discussion is required here. This same response can be given to defendants' argument that the Jury Selection Plan for the District of Colorado fails to comply with 28 U.S.C. § 1861 because, with most grand and petit juries serving in Denver, persons in western and southern Colorado are largely excluded from service. Reference to our opinion in *United States v. Test,* 10 Cir., 550 F.2d 577, 581 n.4 and 594, shows that this argument was considered and rejected. No reason is advanced for reconsideration of that holding. Finally, Lane ar-

gues the government failed to comply with Fed.R.Crim.P. 16 by refusing to produce an airline ticket allegedly obtained from him when he was arrested. The government denies any such ticket ever existed. No motion for new trial was made on this ground and we perceive no reversible error. Having considered all of defendants' issues on appeal, the judgment is

Affirmed.