**UNITED STATES of America, Appellee,**

v.

**Jaime VILA, Narcisco Guzman, and Luis Hernandez, Defendants-Appellants.**

Nos. 843, 844 and 847, Dockets 79-1007 to 79-1009.

United States Court of Appeals, Second Circuit.

Argued April 4, 1979.

Decided May 1, 1979.

James A. Moss, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Howard W. Goldstein, Asst. U. S. Atty., New York City, of counsel), for appellee.

Harvey J. Michelman, New York City (Michelman & Michelman, New York City, Jon M. Probstein, New York City, of counsel), for defendant-appellant Vila.

David S. Zapp, New York City (Jon M. Probstein, New York City, of counsel), for defendant-appellant Hernandez.

Philip R. Edelbaum, New York City, for defendant-appellant Guzman.

Before MULLIGAN, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

MULLIGAN, Circuit Judge:

Jaime Vila, Narcisco Guzman and Luis Hernandez were convicted by a jury after a trial before the Hon. Pierre N. Leval, United States District Judge, Southern District of New York, of conspiracy to distribute, and to possess with intent to distribute, heroin and cocaine, in violation of 21 U.S.C. § 846, and of distributing approximately one and one-half kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. Vila, Guzman and Hernandez were sentenced to and are presently serving concurrent prison terms of fifteen, nine and two and one-half years, respectively, to be followed by special parole terms of twenty, five and five years, respectively. Vila was also fined $20,000 on each count.

I

The evidence at trial established that Jaime Vila organized and supervised a widespread narcotics enterprise whose members possessed and distributed substantial quantities of heroin and cocaine in New York City and in California from late 1975 through late 1977. The Government's case focused on the involvement of Vila and eight members of his organization in the distribution of one and one-half kilograms of cocaine on August 10, 1977. The proof established a narcotics network with activities controlled by Vila in New York, California and Puerto Rico. Vila and his associates smuggled large quantities of heroin from Tijuana, Mexico into Los Angeles, California, where it was processed and then flown to New York City for distribution. Members of Vila's organization also sold wholesale quantities of cocaine, according to the instructions of Vila, in New York City and Los Angeles. Payments for the narcotics sales were made to Vila's associ-

ates both in New York and in Puerto Rico. Part of the proceeds were used to purchase real estate in Puerto Rico and Florida and to invest in businesses in Puerto Rico and the Bronx.

II

■ Appellants present numerous issues for review, most of which are frivolous and may be disposed of summarily. Appellants Vila and Hernandez contend that the destruction of rough notes taken by New York City Police Detective Raymond Vallely during debriefing sessions of one of the Government witnesses, Sonny Perlman, constituted a willful suppression by the Government of evidence favorable to appellant within the meaning of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We disagree. Appellants never made this claim in the district court and cannot raise it here. See *United States v. Braunig,* 553 F.2d 777, 780–81 (2d Cir.), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2686, 53 L.Ed.2d 277 (1977). In addition, as appellants acknowledge, before they may be viewed as *Brady* material, the rough notes taken by Detective Vallely must be capable of *substantially* impeaching the credibility of Perlman. See *Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); cf. *United States v. Miller,* 411 F.2d 825 (2d Cir. 1969) (Jencks Act). The uncontradicted testimony of Detective Vallely established that the notes were virtually consistent with Perlman's final debriefing statement [1] and with his trial testimony. The mere fact that Perlman's recollection of dates and meetings improved from one debriefing session to the next could not have been used to substantially impeach his credibility.

■ Appellant Vila argues that his Sixth Amendment right to a speedy trial was abridged because he was not brought to trial within such period of time as was

---

1. Two preliminary debriefing statements were prepared. The first was prepared by Detective Vallely based on his memory and rough notes taken during the debriefing sessions with Perlman. The second and third drafts were based

on the first and contained the editorial comments of Detective Vallely's supervisor and the Assistant United States Attorney in charge of the case. The third and final draft was the only one read and signed by Perlman.

"reasonable under the circumstances." [2] Vila was brought to trial in the Southern District of New York on March 20, 1978, 126 days after his arrest in Los Angeles. The relevant provisions of the Speedy Trial Act were not violated since Vila's trial took place within 120 days of his arraignment. 18 U.S.C. § 3161(b), (c), (f) and (g). With respect to appellant's Sixth Amendment right, the Supreme Court has held that "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" are factors to be considered in speedy trial cases. In the instant case, the delay was shorter than in other cases where no Sixth Amendment violation was found. *Barker v. Wingo,* 407 U.S. 514, 533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ("well over five years"); *United States v. Lane,* 561 F.2d 1075, 1078 (2d Cir. 1977) ("approximately 58 months"); *United States v. Saglimbene,* 471 F.2d 16, 17 (2d Cir. 1972), cert. denied, 411 U.S. 966, 93 S.Ct. 2146, 36 L.Ed.2d 686 (1973) (six years). According to the record, the original trial date was adjourned at the request of Vila's attorney in order to permit the defense more time to prepare for trial and in order to hold suppression hearings. Finally, Vila has been able to show no prejudice as a result of the delay. Thus, we conclude that Vila's Sixth Amendment right to a speedy trial has not been violated.

Appellant Vila also contends that the delay in removing him from California to New York after his arrest violated the Speedy Trial Act, 18 U.S.C. § 3161(c), (f). The facts of the contention are fully set forth and properly disposed of in the district court's memorandum opinion below (77 Crim. 767 (S.D.N.Y. March 6, 1978)). Vila's arraignment took place well within the statutory period and he was not deprived of the right to the effective assistance of counsel by the delay in his removal from California. The record establishes that Vila was represented by counsel during the period pending his removal from California and was granted additional time to consult an attorney and prepare for trial once he arrived in New York.

We also find that the Sixth Amendment right of appellants Vila and Hernandez to confront the witnesses against them was not abridged by the failure of the Government to produce informer Jorge Rubio as a witness. Both Vila and Hernandez opposed the Government's motion for permission to reopen its rebuttal case in order to call Rubio. In addition, neither appellant called Rubio as a witness when he was available.

### III

With respect to appellant Guzman's claims, the Government's evidence was strong enough to establish both his knowledge of and participation in the crimes charged in the indictment. Further, Guzman's argument that the proof at trial established two distinct conspiracies, one operating between New York City and California and the other operating between Puerto Rico and New York City is unpersuasive. As this court noted in *United States v. Armedo-Sarmiento,* 545 F.2d 785, 790 (2d Cir. 1976), cert. denied, 430 U.S. 917, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977), "a single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations." (citations omitted). The evidence viewed in the light most favorable to the Government established a single narcotics distribution organization with a common source of supply, a central leadership, and a consistent pattern of operation.

We also reject Guzman's claim that the trial court improperly refused to instruct the jury, in accordance with our decision in *United States v. Garguilo,* 310 F.2d 249, 254 (2 Cir. 1962), that no defendant may be convicted of a crime unless the jury is convinced beyond a reasonable doubt that the defendant "was doing something to forward the crime—that he was a participant rather than merely a knowing spectator." A review of the record establishes that the trial judge twice instructed the jury that the mere presence and guilty knowledge on

---

2. Appellants' Joint Brief at 14.

the part of a defendant would not suffice to convict unless the defendant somehow promoted the venture.

■ Appellants Vila and Hernandez challenge here the district court's charge to the jury regarding juror bias on the grounds that it constituted a second modified *Allen* charge. According to the record, after returning partial verdicts acquitting four of the eight defendants, the jury reported an impasse to the trial court in a note which also suggested that not every juror was deliberating in accordance with the jurors' oaths. The trial court, after consulting with counsel for the Government and all remaining defendants, called the jury back into the courtroom, reminded them of the questions they were asked during *voir dire* in order to eliminate juror bias, and admonished them not to allow considerations of bias or prejudice to prevent them from reaching a verdict. A modified *Allen* charge had been delivered to the jury previously when they informed the court of a deadlock.

Appellants' challenge to the trial judge's remarks is meritless. The attorneys for both Vila and Hernandez expressly consented to the charge on juror bias before it was made and failed to object when it was delivered to the jury. In addition, the remarks at issue may not be interpreted as a second modified *Allen* charge since they merely constitute a reminder to the jury to avoid possible bias and prejudice in executing their sworn responsibilities.

■ Appellant Guzman contends that the district court erred in admitting a tape recording of, and testimony concerning, conversations in which defendant Hernandez discussed with an undercover agent the murder of a coconspirator and associate of Vila, presumably by someone outside the Vila organization. The declarations of Hernandez were properly admitted as statements of a coconspirator under Fed.R.Evid. 801(d)(2)(E). The trial judge did not abuse his broad discretion under Fed.R.Evid. 403 in finding that the probative value of the evidence outweighed the prejudicial impact, see *United States v. Robinson*, 560 F.2d 507 (2d Cir. 1977) (en banc), cert. denied, 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978), especially since the conversations do not indicate that a crime had been committed by a coconspirator of Guzman, but rather by someone not associated with the Vila organization.

■ Appellants Vila and Hernandez contend that the use of hearsay in the grand jury was grounds for dismissal of the indictment. We disagree. The trial judge examined the minutes of the grand jury proceeding *in camera* and properly applied the test enunciated by this court in *United States v. Estepa*, 471 F.2d 1132, 1137 (2d Cir. 1972) and *United States v. Marchand*, 564 F.2d 983, 1001 n. 29 (2d Cir. 1977), cert. denied, 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 760 (1978). Appellants have failed to show any deception of the grand jury. The record supports the trial court's conclusions that the grand jury was specifically told that it was hearing hearsay testimony and that even if it heard the testimony of first hand witnesses, there was no probability that a different result would have been reached.

### IV

■ Finally, appellants assert that Congress' classification of cocaine as a Schedule II narcotic drug under 21 U.S.C. § 802(16) is without rational basis and is therefore a violation of their Fifth Amendment due process and equal protection guarantees. Numerous courts have already considered this issue and have all rejected appellants' position. We agree that Congress had a rational legislative purpose under the standard set forth in *United States v. Carolene Products Co.*, 304 U.S. 144, 153–54, 58 S.Ct. 778, 82 L.Ed. 1234 (1938), when it classified cocaine as a Schedule II narcotic drug for the purpose of imposing penalties. *United States v. Marshall*, 532 F.2d 1279, 1287–88 (9th Cir. 1976); *United States v. Harper*, 530 F.2d 828 (9th Cir.), cert. denied, 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976); *United States v. Smaldone*, 484 F.2d 311, 319–20 (10th Cir. 1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974). In sum, we agree with *United States v. Brookins*, 383 F.Supp. 1212 (D.N.J. 1974), aff'd, 524 F.2d (3d Cir. 1975), where the court stated:

26

Whether Congress retained the "narcotics" classification because of the paucity of scientific data concerning the use and effect of cocaine, or because it is used by drug abusers either alone or in combination with heroin, or in furtherance of treaty obligations, *see* 21 U.S.C. Sec. 801(7), there are any number of rational bases which, if now known, can be assumed under the *Carolene* test in upholding the congressional classification of cocaine as a narcotic for penalty purposes. 383 F.Supp. at 1216.

Appellants Vila and Hernandez also contend that classification of cocaine as a narcotic has exposed them to a maximum sentence of fifteen years under 21 U.S.C. § 841(b)(1)(A) constituting cruel and unusual punishment forbidden by the Eighth Amendment. We hold that the maximum punishment established by Congress is not so "disproportionate to the gravity of the crime committed," *Carmona v. Ward,* 576 F.2d 405, 408 (2d Cir. 1978), cert. denied, —— U.S. ——, 99 S.Ct. 874, 59 L.Ed.2d 58 (1979) that it violates the Eighth Amendment. All other issues raised by appellants are even less meritorious and deserve no comment.

The convictions are affirmed.