UNITED STATES of America,
Plaintiff-Appellee,

v.

Bert Franklin ERWIN, II, James Dennis Brogle, and Robert Lawrence Chester, Defendants-Appellants.

No. 78–5713
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 3, 1979.

Rehearing and Rehearing En Banc Denied Sept. 6, 1979.

---

* Rule 18, 5 Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Michael L. Pritzker, Chicago, Ill., for defendants-appellants.

Earl N. Vaughan, Robert J. Boitmann, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Bert Erwin, Robert Chester, and James Brogle were convicted by a jury in the Eastern District of Louisiana of conspiracy to import marijuana and conspiracy to possess with intent to distribute marijuana. We reject defendants' allegations on appeal and affirm the convictions.

On June 3, 1978, the Coast Guard cutter "Durable" was on routine patrol in the Gulf of Mexico when it sighted the "Adeline Marie," a shrimp boat out of Mobile, Alabama. The Coast Guard *ordered the vessel, which* was about 70 miles due south of the entrance of the Mississippi River, to heave-to for boarding to permit a safety and documentation inspection. The officers present also wished to inspect for any customs and narcotics violations that might be obvious. Lieutenant Moon, accompanied by four other Coast Guard members and a U.S. Customs Patrol Officer, boarded the vessel, asked defendant Erwin, who was aboard the "Adeline Marie" with the other two defendants, for the ship's documents, and immediately recognized the distinctive smell of marijuana. Moon wanted to see the ship's permanent identification number in the main hold, but Erwin said it was covered by cargo. He was right. What Moon saw upon opening the cargo hold was bales of marijuana partially wrapped in burlap. A full search was then conducted disclosing 1230 bales of marijuana weighing over 49,400 pounds stored in nearly every free space of the "Adeline Marie."

Defendants first challenge the constitutionality of the search for lack of probable cause. They argue that 14 U.S.C.A. § 89(a), which grants the Coast Guard authority to search and seize any vessel on the high seas subject to United States jurisdiction, violates the fourth amendment. This court en banc has previously upheld the constitutionality of section 89(a) in *United States v. Warren*, 578 F.2d 1058 (5th Cir. 1978). There is no question that the initial boarding of the "Adeline Marie" was proper under our holding in *Warren* that the Coast Guard has plenary authority to board a vessel beyond the twelve-mile limit without probable cause or any particularized suspicion. Once the Coast Guard boarded the "Adeline Marie," the detection of the odor of marijuana furnished probable cause for the ensuing thorough search. *United States v. Odom*, 526 F.2d 339 (5th Cir. 1976).

Defendants moved in the trial court for a bill of particulars specifying where "in the Eastern District of Louisiana, and elsewhere" the charges in the indictment allegedly occurred. Pursuant to court order the government's final answer read "some of the marijuana was coming to the

Eastern District of Louisiana." Defendants now urge that the government failed to prove that the destination of any of the marijuana was the Eastern District. This, they argue, created a fatal variance between the indictment and the proof at trial, which infected the propriety of venue in the Eastern District.

Defendants appear to assert that venue is appropriate only in a district in which an overt act in furtherance of the conspiracy was committed. Where an offense occurs on the high seas, however, the plain language of 18 U.S.C.A. § 3238 establishes venue "in the district in which the offender . . . is arrested or first brought"—in this case, the Eastern District of Louisiana. That venue may also be appropriate in another district will not divest venue properly established under § 3238. *United States v. Williams,* 589 F.2d 210 (5th Cir. 1979). Defendants do not urge any other possible prejudice from the alleged variance. They have not suggested that they had inadequate notice of the charges against them, or that they have been tried on charges not presented in the indictment. The charge is completely sufficient to eliminate any chance of their being prosecuted again for the same offense. Thus, assuming there is a variance, it is not one requiring reversal. *United States v. Davis,* 592 F.2d 1325 (5th Cir. 1979); *United States v. Soto,* 591 F.2d 1091 (5th Cir. 1979).

■ Defendants next argue that they were denied due process and equal protection because of the allegedly disproportionate penalties imposed for marijuana abuse as compared with other drugs by the continued classification of marijuana as a Schedule I controlled substance. They do not challenge the constitutionality of the initial classification but contend that the Attorney General has acted arbitrarily and unreasonably by refusing to reclassify the drug in the face of evidence of its relative harmlessness. The statute however by its terms merely permits the Attorney General to exercise his discretion within certain perimeters to transfer a substance. 21 U.S.C.A. § 811. There is no requirement to do so. These statutory procedures for administrative reclassification are constitutionally sound. *United States v. Gordon,* 580 F.2d 827 (5th Cir.), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978); *United States v. Jones,* 480 F.2d 954 (5th Cir.), *cert. denied,* 414 U.S. 1071, 94 S.Ct. 582, 38 L.Ed.2d 476 (1973).

■ Finally, the defendants argue that the trial court did not properly instruct the jury that mere presence at the scene of the crime is insufficient to establish participation. The record reveals that the charge given informs the jury that actual or constructive possession requires intent to exercise control over the object. This was sufficient to preclude conviction for mere presence or proximity. *United States v. Rojas,* 537 F.2d 216 (5th Cir. 1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977).

AFFIRMED.