**UNITED STATES of America, Appellee,**

v.

**John Arthur STIEREN, Appellant.**

**No. 79–1572.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1979.

Decided Oct. 31, 1979.

---

Wilford M. Forker, Sioux City, Iowa, and Charles A. Bellows, Chicago, Ill., for appellant.

James H. Reynolds, U. S. Atty., and Acher E. Schroeder, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before LAY, HEANEY and HENLEY, Circuit Judges.

LAY, Circuit Judge.

John Arthur Stieren appeals from the judgment of conviction for possession of cocaine with intent to distribute and dispense under 21 U.S.C. § 841(a)(1). Stieren contends that the statute is unconstitutional because "cocaine is classified as a narcotic under Schedule II of 21 U.S.C. § 812(c), when as a matter of scientific and medical fact cocaine is not a narcotic but is a non-narcotic stimulant."

■ The sufficiency of the evidence is not disputed. Stieren was convicted after special agents testified that he was in possession of and attempted to sell them a large quantity of cocaine. Defendant urges that the testimony and reports by physicians and scientists demonstrate that cocaine is not a narcotic. He also cites cases which hold that cocaine is not a narcotic under the pharmacological definition of the term. *State v. Erickson*, 574 P.2d 1 (Alaska 1978).[1]

The cases relied upon by defendant to support the argument that classifying cocaine as a narcotic is violative of his due process and equal protection rights are general in nature. It is well settled that the classification of cocaine under Schedule II of 21 U.S.C. § 812 is not a constitutional violation. *United States v. Vila*, 599 F.2d 21, 25 (2d Cir. 1979); *Canal Zone v. Davis*, 592 F.2d 887, 890 (5th Cir. 1979); *United States v. Szycher*, 585 F.2d 443, 444–45 (10th Cir. 1978); *United States v. Solow*, 574 F.2d 1318 (5th Cir. 1978); *United States v. Lane*, 574 F.2d 1019, 1022 (10th Cir.), *cert. denied*, 439 U.S. 867, 99 S.Ct. 193, 58 L.Ed.2d 177 (1978); *United States v. Wheaton*, 557 F.2d 275, 277 (1st Cir. 1977); *United States v. Marshall*, 532 F.2d 1279, 1287–88 (9th Cir. 1976); *United States v. Smaldone*, 484 F.2d 311, 319–20 (10th Cir. 1973). *Cf. United States v. Marshall*, 526 F.2d 1349, 1360–61 (9th Cir.), *cert. denied*, 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 376 (1976); *United States v. Perez*, 491 F.2d 167, 172 (9th Cir. 1974) (both heroin and cocaine are "narcotic drugs"). *Contra, Commonwealth v. Miller*, 20 Crim.L.Rep. (BNA) 2331 (Roxbury, Mass., Dist.Mun.Ct.) (statute banning the use of cocaine was in violation of the Constitution).

Defendant urges the court to review this case under the test for determining whether there is a rational basis for the legislation, citing *United States v. Carolene Products Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). An identical argument was made and rejected in *United States v. Vila, supra* and *United States v. Solow, supra.*

In *Marshall v. United States*, 414 U.S. 417, 427, 94 S.Ct. 700, 706, 38 L.Ed.2d 618 (1974), the Supreme Court observed: "When Congress undertakes to act in areas fraught with medical and scientific uncertainties, legislative options must be especially broad and courts should be cautious not to rewrite legislation, even assuming, *arguendo*, that judges with more direct exposure to the problem might make wiser choices."

■ It is within the legislative prerogative to classify cocaine, which is a non-narcotic central nervous system stimulant, as a narcotic for penalty and regulatory purposes. 21 U.S.C. § 802(16)(A). The use of cocaine poses serious problems for the community and has a high potential for abuse. Congress' choice of penalty reflects a societal policy which must be adhered to by the courts.[2] Congress has the power to reclassi-

---

1. Nonetheless, the court in *State v. Erickson, supra*, held that the statute defining cocaine as a narcotic was not violative of due process or equal protection rights under the United States Constitution.

2. An excellent history as to state and federal legislation regulating the possession and sale of cocaine is found in *State of Alaska v. Erickson*,

574 P.2d 1 (Alaska 1978). The Alaska Supreme Court observed:

The most recent chapter in federal regulation is the Comprehensive Drug Abuse Prevention and Control Act of 1970, which categorizes drugs according to their accepted uses and potential for abuse. The term "narcotic drug" in the federal act is defined as including ". . . Opium, coca leaves, and

fy cocaine. This power has been delegated to the Attorney General. 21 U.S.C. § 811(a)(1). If cocaine is to be reclassified, defendant's arguments should be made to the legislative branch, not the courts.

We hold that Congress had a rational legislative purpose when it classified cocaine as a Schedule II narcotic drug for the purpose of imposing penalties.

JUDGMENT AFFIRMED.

opiates." Significantly, "opiate," as well as any of its derivatives, is separately defined as ". . . any drug or other substance having an addiction-forming or addiction-sustaining liability similar to morphine . . ."

The fact that no such definition applies to coca leaves indicates that Congress was aware of the fact that cocaine is not similarly addictive. Yet, Congress still included coca and its derivatives under the definition of "narcotic drug." It thus would appear that Congress was aware of the physically addictive properties of certain drugs, but it elected not to use the pharmacological definition of narcotic drugs as being limited to drugs having such characteristics.

The Commission on Uniform State Laws had drafted a new model statute based on the federal law, the Uniform Controlled Substances Act. Cocaine is placed in Schedule II as a drug with an acceptable medical use but with a high potential for abuse. *Id.* at 14 (footnotes omitted).