UNITED STATES of America, Plaintiff/Appellee,

v.

Glen ALEXANDER, Defendant/Appellant.

No. 81–1322.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1982.

Decided April 1, 1982.

Rehearing and Rehearing En Banc Denied June 15, 1982.

Steven J. Heiser, San Francisco, Cal., argued for defendant-appellant; Claudia Wilken, Wilken & Leverett, Berkeley, Cal., on brief.

John Gibbons, Asst. U. S. Atty., San Francisco, Cal., argued for plaintiff-appellee; Eric Swensen, Asst. U. S. Atty., San Francisco, Cal., on brief.

Before FLETCHER, POOLE and CANBY, Circuit Judges.

## PER CURIAM:

Appellant was convicted of conspiracy to distribute cocaine and possession with intent to distribute cocaine, under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* He appeals the district court's denial of his motion to dismiss the indictment. The motion was based on the ground that the Drug Enforcement Agency abused its discretion in failing to reclassify cocaine as a nonnarcotic, thus rendering the penalties for cocaine offenses unconstitutionally uncertain. The district court refused to hold an evidentiary hearing on the motion. We affirm.

■ It is well settled that the Schedule II classification of cocaine as a narcotic under 21 U.S.C. § 812 is constitutional. *United States v. Marshall,* 532 F.2d 1279, 1287–88 (9th Cir. 1976); *United States v. Harper,* 530 F.2d 828 (9th Cir.), *cert. denied,* 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976); *United States v. Stieren,* 608 F.2d 1135, 1136 (8th Cir. 1979); *United States v. Vila,* 599 F.2d 21, 25 (2d Cir. 1979); *Government of Canal Zone v. Davis,* 592 F.2d 887, 890 (5th Cir. 1979); *United States v. Solow,* 574 F.2d 1318 (5th Cir. 1978); *United States v. Lane,* 574 F.2d 1019, 1022 (10th Cir.), *cert. denied,* 439 U.S. 867, 99 S.Ct. 193, 58 L.Ed.2d 177 (1978); *United States v. McCormick,* 565 F.2d 286, 289 (4th Cir. 1977), *cert. denied,* 434 U.S. 1021, 98 S.Ct. 747, 54 L.Ed.2d 769 (1978).

■ This court is limited to an inquiry into whether a classification or refusal to reclassify is irrational or unreasonable; "legislative classifications need not be perfect or ideal." *Marshall v. United States,* 414 U.S. 417, 428, 94 S.Ct. 700, 707, 38 L.Ed.2d 618 (1974); *see United States v. DiLaura,* 394 F.Supp. 770, 772 (D.Mass. 1974). Congress, in recognition that "controlled substances have a substantial and detrimental effect on the health and general welfare" has elected to classify cocaine as a narcotic for purposes of the Controlled Substances Act, and has not chosen to reclassify the drug to a lower schedule. 21 U.S.C. §§ 801(2), 812. In light of the drug's widespread abuse, this legislative determination is neither irrational nor unreasonable, regardless of cocaine's proper pharmacological classification. *United States v. Lustig,* 555 F.2d 737, 750 (9th Cir.), *cert. denied,* 434 U.S. 926, 98 S.Ct. 408, 54 L.Ed.2d 285 (1977); *United States v. Har-*

*per*, 530 F.2d 828; *United States v. Stieren*, 608 F.2d at 1136; *United States v. McCormick*, 565 F.2d at 289; *United States v. Wheaton*, 557 F.2d 275, 277 (1st Cir. 1977); *United States v. DiLaura*, 394 F.Supp. at 772–73.

Congress has delegated to the Attorney General, head of the Drug Enforcement Agency, authority to reclassify controlled substances. 21 U.S.C. § 811. This delegation is clearly constitutional. *United States v. Davis*, 564 F.2d 840, 843–44 (9th Cir. 1977), *cert. denied*, 434 U.S. 1015, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978); *United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir. 1979), *cert. denied*, 444 U.S. 1071, 100 S.Ct. 1014, 62 L.Ed.2d 752 (1980); *United States v. Barron*, 594 F.2d 1345, 1352–53 (10th Cir.), *cert. denied*, 441 U.S. 951, 99 S.Ct. 2180, 60 L.Ed.2d 1056 (1979); *United States v. Gordon*, 580 F.2d 827, 839–40 (5th Cir.), *cert. denied*, 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978); *United States v. Pastor*, 557 F.2d 930, 941 (2d Cir. 1977). *See United States v. Stieren*, 608 F.2d at 1136–37; *United States v. Porter*, 544 F.2d 936, 939–40 (8th Cir. 1976).

The Act permits the Attorney General "to exercise his discretion within certain perimeters to transfer a substance. 21 U.S.C. § 811. There is no requirement to do so." *United States v. Erwin*, 602 F.2d at 1185. The Attorney General has elected not to reclassify cocaine. We cannot say this election is either arbitrary or unreasonable. *See Marshall v. United States*, 414 U.S. at 428, 94 S.Ct. at 707; *United States v. Erwin*, 602 F.2d at 1185.

The district court's refusal to permit evidence on cocaine's alleged misclassification was not error in light of this court's repeated holdings that the classification is proper. *E.g., United States v. Lustig*, 555 F.2d at 750. *See United States v. Marshall*, 532 F.2d 1279. *Cf. United States v. Rogers*, 549 F.2d 107 (9th Cir. 1976) (marijuana classification upheld); *United States v. Rodriquez-Camacho*, 468 F.2d 1220 (9th Cir. 1972), *cert. denied*, 410 U.S. 985, 93 S.Ct. 1512, 36 L.Ed.2d 182 (1973) (marijuana properly subject to Congressional control under the Controlled Substances Act).

Since cocaine is properly classified under the Act, the penalties for cocaine offenses are certain, not unconstitutionally vague. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.