956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Leigh FARMER, Defendant-Appellant.
 No. 90-16557.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided March 9, 1992.
 
 Before CYNTHIA HOLCOMB HALL, WIGGINS and BURNS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Brian Farmer plead guilty to one count of conspiracy to manufacture methamphetamine, one count of manufacturing methamphetamine, and one count of maintaining a place for the manufacture of methamphetamine. See 21 U.S.C. §§ 841(a)(1), 846, and 856. He was sentenced to 210 months as to each count. The sentences were ordered to run concurrently. He appeals his sentence on the grounds that methamphetamine is not a controlled substance. The district court had jurisdiction under 18 U.S.C. § 3231 and 21 U.S.C. §§ 841(a)(1), 846, and 856. We have jurisdiction over this timely appeal under 28 U.S.C. § 2255. We affirm.
 
 
 3
 * Farmer contends that methamphetamine should be excluded from the schedule of controlled substances set forth in 21 U.S.C. § 812 because methamphetamine may be found in some over-the-counter preparations. Although Farmer did not raise this issue in district court,[1] the government requests that this issue be considered.[2]
 
 
 4
 Farmer argues that 21 U.S.C. § 811(g)(1) requires the exclusion of methamphetamine from Schedule II of controlled substances. The section states:
 
 
 5
 The Attorney General shall by regulation exclude any non-narcotic substance from a schedule if such substance may, under the Federal Food, Drug, and Cosmetic Act, be lawfully sold over the counter without a prescription.
 
 
 6
 Farmer argues that the Attorney General should remove methamphetamine from Schedule II because Vicks inhalers and Rynal spray, both of which contain a small amount of methamphetamine, can be sold legally over the counter. However, the Ninth Circuit has already rejected this argument, holding that "[t]he mere inclusion of a controlled substance as an ingredient in a nonnarcotic nonprescription drug does not alter its status under the Controlled Substances Act." United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991). See United States v. Housley, Nos. 90-10638, 91-10032, slip op. at 971 (9th Cir. Jan. 30, 1992).
 
 II
 
 7
 Farmer further argues that due to the legal sale of methamphetamine in Vicks inhalers and Rynal spray, his prosecution violates the Due Process Clause and the Equal Protection Clause of the Fifth Amendment. These arguments are without merit. Contrary to Farmer's assertions, 21 U.S.C. § 811 and 21 C.F.R. § 1308.22 provide fair notice. In addition, there is no selective prosecution because the legal sale of Vicks inhalers and Rynal spray is not the same conduct as the sale of methamphetamine.
 
 III
 
 8
 Next, Farmer claims that the statutory and regulatory scheme of the Controlled Substance Act is ambiguous because methamphetamine is listed as a Schedule III controlled substance in 21 U.S.C. § 812 and as a Schedule II controlled substance in 21 C.F.R. § 1308.12. Since Farmer did not raise this issue in the district court or in his opening brief, we deem the argument waived. See Brady v. Gebbie, 859 F.2d 1543, 1557 (9th Cir.1988). Even if we were to reach this issue, the argument is meritless because the Attorney General moved methamphetamine from Schedule III to Schedule II by 21 C.F.R. § 1308.12. There is no ambiguity because the Ninth Circuit has clearly held that methamphetamine has been designated a Schedule II controlled substance. United States v. Kendall, 887 F.2d 240 (9th Cir.1989); United States v. Jones, 852 F.2d 1235 (9th Cir.1988); United States v. Alexander, 673 F.2d 287 (9th Cir.), cert. denied, 459 U.S. 876 (1982).
 
 IV
 
 9
 Farmer requests that if we decide methamphetamine is a controlled substance, we remand his case for sentence correction because the district court improperly sentenced him for a Schedule II violation instead of a Schedule III violation. However, this issue has also been waived because it was raised for the first time in Farmer's reply brief. Brady, 859 F.2d at 1557. Furthermore, as we have already noted, methamphetamine has properly been designated as a Schedule II controlled substance and thus it was proper for the judge to sentence Farmer for a Schedule II violation.
 
 V
 
 10
 Finally, Farmer argues that methamphetamine is not properly classified as a Schedule II controlled substance because the Attorney General was not authorized by law to transfer methamphetamine from Schedule III to Schedule II by 21 C.F.R. § 1308.12. However, this issue has also been waived because it was raised for the first time in Farmer's reply brief. See id. Even if we were to reach this issue, the Ninth Circuit has rejected this argument, holding that "methamphetamine has been properly designated in Schedule II of the schedules of controlled substances." Durham, 941 F.2d at 889.[3]
 
 
 11
 Because methamphetamine is properly classified as a Schedule II controlled substance, Farmer received a proper sentence of 210 months.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Farmer argues that he should not be prevented from raising the issue now because he was unaware of 21 U.S.C. § 811(g)(1). However, ignorance of the law does not excuse the defendant from raising an issue. Lambert v. California, 355 U.S. 225 (1957)
 
 
 [2]
 The government requests that we consider this issue because trial courts have been flooded with defendants raising similar issues
 
 
 [3]
 Farmer's citation of a recent Supreme Court grant of certiorari in his supplemental brief is utterly without merit. Farmer argues that the Supreme Court in United States v. Widdowson, 1112 S.Ct. 39 (1991), ruled in favor of the defendants and reaffirmed its belief in the separation of powers. However, Farmer completely misreads this decision. The Supreme Court vacated the Tenth Circuit's judgment in Widdowson for the defendants and remanded the case in light of its judgment in United States v. Touby, 111 S.Ct. 1752 (1991). In Touby, the Supreme Court held that Congressional delegation of authority to the Attorney General to temporarily schedule controlled substances was neither an unconstitutional delegation of legislative power nor was it a violation of the separation of powers. Id. at 1756-57