993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Templeton STOCKDALE, Defendant-Appellant.
 No. 92-30264.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 17, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges, and INGRAM, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Stockdale appeals his guilty plea conviction and sentence. None of his contentions have any merit, and we affirm.
 
 
 4
 Stockdale argues that marijuana is improperly classified as a Schedule I controlled substance under the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. He challenges the classification on the grounds that Congress improperly delegated its legislative authority by adopting the terms of the Single Convention on Narcotic Drugs, 1961, 18 U.S.T. 1407 (1967), and that marijuana is a safe, medically accepted drug, without a high potential for abuse. These arguments are without merit.
 
 
 5
 The ratification of a treaty does not constitute a delegation of authority. Congress ratified it. The only delegation here is to the Attorney General, and the delegation of power to the Attorney General to reclassify controlled substances under § 811 is constitutional. United States v. Alexander, 673 F.2d 287, 289 (9th Cir.1982); accord United States v. Davis, 564 F.2d 840, 844 (9th Cir.1977), cert. denied, 434 U.S. 1015 (1978).
 
 
 6
 Stockdale has not demonstrated that the classification of marijuana as a Schedule I substance is irrational or unreasonable. See Alexander, 673 F.2d at 288.
 
 
 7
 Stockdale's right of access to evidence was not violated by the method of collecting plants, nor by failure to preserve the plants for defense inspection. United States v. Belden, 957 F.2d 671 (9th Cir.1992).
 
 
 8
 Stockdale challenges the district court's finding that, for sentencing purposes, his offenses involved more than 1000 marijuana plants, because, he claims, only 680 plants could have been harvested. Neither the statute nor the guideline limit the count to harvestable plants. Cf. United States v. Corley, 909 F.2d 359, 361 (9th Cir.1990).
 
 
 9
 Stockdale argues that his sentence violated his right to equal protection because it exceeded his codefendants' sentences. He has no support for this position, and the court could not have departed downward to equalize his sentence with theirs. United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991). We do not have jurisdiction to review the district judge's discretionary decision not to depart. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). The district court's finding that Stockdale played a managerial role in the marijuana grow operation was not clearly erroneous. United States v. Koenig, 952 F.2d 267, 274 (9th Cir.1991).
 
 
 10
 Stockdale's convictions and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3