# UNITED STATES

### v.

### William Soto ENRIQUEZ, et al.

### Criminal No. 97–76(DRD).

United States District Court,
D. Puerto Rico.

Jan. 11, 1999.

Rafael Anglada–Lopez, San Juan, PR, pro se.

Marlene Aponte–Cabrera, Hato Rey, PR, pro se.

Rosa I. Bonini–Laracuente, San Juan, PR, pro se.

Benny F. Cerezo, Rio Piedras, PR, pro se.

Gustavo A. Del–Toro–Bermudez, San Juan, PR, pro se.

Luis A. Guzman–Dupont, Santurce, PR, pro se.

Jorge M. Izquierdo–San–Miguel, San Juan, PR, pro se.

Lydia Lizarribar–Buxo, Hato Rey, PR, pro se.

Juan F. Matos–de–Juan, Guaynabo, PR, pro se.

Victor P. Miranda–Corrada, San Juan, PR, pro se.

Javier A. Morales–Ramos, San Juan, PR, pro se.

Salvador Perez–Mayol, Guaynabo, PR, pro se.

Carlos Perez–Olivo, Carolina, PR, pro se.

Luis A. Plaza–Mariota, Hato Rey, PR, pro se.

Jose F. Quetglas, San Juan, PR, pro se.

Eric M. Quetglas–Jordan, San Juan, PR, pro se.

Miriam R. Ramos–Grateroles, Bayamon, PR, pro se.

Luz M. Rois–Rosario, San Juan, PR, pro se.

Raymond Rivera–Esteves, Bayamon, PR, pro se.

Edgardo L. Rivera–Rivera, San Juan, PR, pro se.

Luis R. Rivera–Rodriguez, Hato Rey, PR, pro se.

Jacabed Rodriguez–Coss, U.S. Attorney's Office of P.R., Criminal Division, Hato Rey, PR, pro se.

Roberto Roldan–Burgos, Rio Piedras, PR, pro se.

Jose C. Romo–Matienzo, San Juan, PR, pro se.

Enrique Velez–Rodriguez, San Juan, PR, pro se.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Defendant Juan Enrique Cintrón Caraballo has requested Reconsideration to the Magistrate Judge of the Denial of Bail Pending Trial originally entered in the case. (Docket # 335). Defendant was originally denied Bail and now near trial date has reiterated the request. The Magistrate Judge summarily Denied the bail reconsideration (margin order at Docket 355) and Defendant has requested review to the District Judge. (Docket # 349).

At the District Court level the argument of the Defendant is not merely based on the Bail Reform Act of 1984, 18 U.S.C. § 3142 et seq. but also on grounds of Speedy trial Constitutional violation under the 6th Amendment and also under the 5th Amendment (Due Process) because of excessive pretrial detention (Docket # 349).[1] The court denies the request both under the Bail Reform Act as originally determined by the Hon. Magistrate Judge Arenas and likewise denies the 6th Amendment and 5th Amendment Claims. The court briefly explains.

## I. THE BAIL REFORM ACT OF 1984

■ Defendant prior to being indicted in the instant case has a record of seven (7) felonies including kidnaping, robbery and multiple, repeated weapons violations. (Separate and independent felony weapons violations occurred in the years 1984 and 1994). The instant indictment alleges a continued criminal enterprise under 21 U.S.C. § 848(c) as to two other codefendants. Defendant, although not charged as to the criminal enterprise, is charged of aiding and abetting in a conspiracy to knowingly and intentionally distribute multi kilogram quantities of controlled substances (in excess of 5 kg of heroin; in excess of 5 kg of cocaine; in excess of 5 kg of cocaine base and in excess of 100 kg of marihuana) all in violation of 21 U.S.C. § 841(a)(1).

The court is required to perform a de novo review of the contested bail order under

---

1. The constitutional arguments were made for the first time at the hearing on November 25th, 1998 before the District Judge.

*United States v. Tortora,* 922 F.2d 880, 883 (1st Cir.1990) (The court however notes the well reasoned opinion of District Judge Keeton in *United States v. Phillips,* 732 F.Supp. 255, 258–9 (D.Mass 1990) requiring "the court to exercise independent consideration of all facts properly before it but short of de novo review.")

In the instant case the statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the accused as required and the safety of the community is triggered because the alleged violation requires the imprisonment of the defendant for more than ten years under the Controlled Substance Act 21 U.S.C. § 801.[2]  *United States v. O'Brien,* 895 F.2d 810 (1st Cir.1990).  The presumption is rebuttable.  *United States v. Bosquez–Villarreal,* 868 F.2d 1388 (5th Cir.1989).

In establishing the above presumption Congress considered that "flight to avoid prosecution is particularly high among prisoners charged with major drug offenses" *U.S.Rep. No. 225,* 98th Cong.2d. See. 20, 23–27, reprinted in 1984 U.S.Code Cong. and Ad News 3206–3210.

In order to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court must consider the following factors pursuant to 18 U.S.C. § 3142(g)(2)(3)(a)(b)4:

1. The nature of the crime and circumstances of the offense alleged, including whether the offense is a crime of violence.

2. The weight of the evidence against the person.

3. The history and characteristics of the person.

A. Family ties, employment, community ties, past conduct, a criminal record, etc.

B. Whether at the time of the current offense or arrest the person was on probation, on parole, etc.

4. The nature and seriousness of the danger to any person or the community that could be passed by the persons release.

An analysis of the required statutory criteria under 18 U.S.C. § 3142(g)(2)(3)(a)(b)(4) follows: the nature of the offense is grave and serious.  Defendants is charged with aiding and abetting to distribute multi kilogram quantities of controlled substances. Defendant could be sentenced pursuant to 21 U.S.C. § 841(B)(e) to life in prison.  As to the second criteria, the weight of the evidence against the defendant is not discussed in the reconsideration request; however the instant case is a case wherein cooperators with the government loom large in the picture and hence the case is presumptively strong.  As to the third criteria, although the defendant has community and family ties and has employment, his past conduct and criminal record overrides the former and hence this criteria does not favor him.  The court considers defendant a "danger to the community" because of his prior criminal record (kidnaping, robbery and repeated, separate multiple weapon violations); further defendant is charged with aiding and abetting in significant drug transactions as is the case at bar constituting a "risk to community safety" and posing a "danger to the community" *United States v. Leon,* 766 F.2d 77, 81 (2nd Cir.1985) ("It is clear that the harm to society caused by narcotics traffic is encompassed within congress definition of 'danger' ").  Defendant is further a "risk of flight" because the risk increase as the severity of potential sentence increases. (defendant is facing a potential life sentence).  Defendant is also covered by the presumption of flight risk in major drug trafficking cases. *United States v. Palmer–Contreras,* 835 F.2d 15, 17 (1st Cir.1987) ("drug traffickers pose special flight risks").

The conclusion of the court after performing an analysis of the four statutory criteria is inescapable.  The detention order of Magistrate Judge Arenas must be confirmed to "reasonably assure the appearance of the person or required and the safety of any other person and the community." 18 U.S.C. 3142(f).  Defendant is involved in the " 'highly lucrative' business of drug operations at

---

2. The presumption is set forth at 18 U.S.C.A. § 3142(f)(1)(C)

the center of congressional concern" *United States v. Jessup,* 757 F.2d 378, 386 (1st Cir. 1985) and "thus, is a person at which the § 3142(e) presumption is aimed" *United States v. Palmer–Contreras,* 835 F.2d. at 18. As discussed prior hereto defendant a poses a "danger to the community" because of the graveness of the instant offense (distribution of multi kilos of heroin, cocaine, cocaine base, and marihuana) and because of his serious prior criminal convictions. (kidnaping, robbery, repeated weapons violations). Finally defendant is a "flight risk" because of the severity of the potential sentence. Defendant is to remain detained because he has failed to overcome the rebuttable presumption of detention. 18 U.S.C. § 3142(e).

## II. SPEEDY TRIAL UNDER THE 6TH AMENDMENT

█ As to the 6th amendment allegation under *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and under *United States v. Santiago–Becerril,* 130 F.3d 11 (1st Cir.1997), after examining the factual criteria required under the 6th Amendment as set forth in *Barker v. Wingo,* [ (1) length of the delay (2) reason for the delay (3) timeliness and vigor of the defendant's assertion as to speedy trial right (4) the degree of prejudice which defendant suffers], the court understands that the case does not raise to a speedy trial 6th Amendment violation. The court explains.

The instant case was indicted on the same date as 97–74 also a multi defendant controlled substance case before the undersigned Judge. The court held joint conferences in 97–74 and 97–76 because there were at least seven defense attorneys common in both cases.[3] Because 97–074 was the older case, the court suggested, without any objection, to try 97–74 before 97–076. Trial in 97–076 would follow 97–074. (See Docket # 224 at cri. 97–076). The court attempted to set the case for trial 97–074 at the conference of February 3, 1998, when the case was not yet ten (10) months old (notwithstanding its complexity, over 220 dockets had already been

filed). Because the conflicts of counsel (at least twenty counsel in the instant case) with other criminal trials in this district, the earliest trial date was to be in June 1998. (Docket # 190 at cr. 97–074). The June 1998 setting for 97–74 was continued until July 1998 at the request of counsel Anglada López (then retained in the instant case) and, Miriam Ramos Gratelore both of whom were counsel in both cases, because of conflicts with trial settings in cases previously set for trial and/or older cases set for trial all in the District of Puerto Rico. (Docket # 253 of cr. 97–074, April 30, 1998). The July setting of 97–74 was continued because retained counsel Anglada was to try a case before Judge Fusté 97–229 which case was previously set for trial for June 29, 1998. (See Docket 273 at cri. 97–076) The trial was then scheduled for September 1998 but at the request of counsels Castro Lang and Marlene Aponte the trial was reset for October 1998. (See Docket 282 at 97–076). At the monthly conference of June 28, 1998 (Docket # 309) in the instant case (97–076) counsel Marlene Aponte formally requests without any opposition thereto from any other co-defendant that 97–076 be tried after criminal number 97–074. (Counsel Aponte was common counsel in both criminal cases).

After case # 97–074 was terminated, all defendants having plead on the eve of trial, the court held a conference on November 12, 1998 to set for trial date the instant case (Docket # 388). The attorneys advised that because of conflicts with older criminal cases and/ or criminal cases previously set for trial, trial would have to be held after December 15, 1998, an approximate date for the termination of criminal case 97–49 to be tried before Judge Fusté having several common counsel in the present case. (Docket No. 358). The trial ended on December 9, 1998 when the Judge granted to all defendants a Rule 29 acquittal.

The above factual scenario clearly indicates that the court attempted to set for trial case 97–074 to be followed by the trial of 97–76 at the February 1998 conference (a date in June

---

**3.** The following attorneys at one point or another represented defendants in both cases: Miriam Ramos Gratelore, Marlene Aponte, Victor Miranda, Carlos Pérez Olivo, Luz Rios Rosario, Raymond Rivera Estévez, Rafael Anglada López.

1998 was selected because no other sooner date was available for the court and counsel). Since that conference the case has been continued several times exclusively because counsel in 97–074, involving common counsel in the instant case, have had conflict of calendars with older and/or prior settings in criminal cases in this district. Hence the trial settings of June, July and October 1998 were all frustrated. Therefore the delay is considered neutral or valid under *Barker v. Wingo*, 407 U.S. at 531, 92 S.Ct. 2182.[4] Further the request of speedy trial under the 6th Amendment is made late by the moving defendant (November 1998) on the eve of trial. Moreover counsel for the proponent defendant (then still retained counsel) himself joined in the continuances because of a case with Judge Fusté (cr.97–229) which had been previously set for trial. Therefore, the reasons for the delay and the timely assertion of the request factors to be examined under the Baker case do not favor the defendant. Moreover, defendant has further not shown prejudice causing impairment to his defense other than the time elapsed. *Barker v. Wingo*, 407 U.S. at 532, 92 S.Ct. 2182.[5] Defendant has failed to show prejudice by the unavailability of witness, *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 379 (2d Cir.1979), nor because of lapse witnesses' memories, *United States v. Wiggins*, 566 F.2d 944, 945–946 (5th Cir.); *cert. denied* 436 U.S. 950, 98 S.Ct. 2859, 56 L.Ed.2d 793 (1978). Hence in balancing the four factors mandated under *Barker v. Wingo*, supra, the 6th Amendment speedy trial violation fails. The request for dismissal is denied under the 6th Amendment (speedy trial cases).

## III. THE DUE PROCESS EXCESSIVE PRETRIAL DETENTION CLAIM

■ As to Defendant's allegation that bail must be provided based on an alleged 5th Amendment Due Process violation, the same is also denied since said violation also depends upon a scrutiny of the reasons for delay during pretrial procedures. *United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2nd Cir.1986). The argument is grounded on the view that in some circumstances "the length of a defendant's pre-trial detention might not survive a proper due process challenge." *United States v. Colombo*, 777 F.2d 96. 101 (2nd Cir.1985). *See also United States v. Portes*, 786 F.2d 758, 768 (7th Cir. 1985); *United States v. Accetturo*, 783 F.2d 382, 388 (3rd Cir.1986); *United States v. Theron*, 782 F.2d 1510 (10th Cir.1986).

The determination of a potential Due Process violation must be made on a "case by case basis since due process does not necessarily set a bright line limit for length of pretrial confinement." *United States v. Gonzales Claudio*, 806 F.2d. at 340 citing *United States v. Salerno*, 794 F.2d 64, 75–78 (2nd Cir.1986). The court in the González Claudio case pointed out to distinctions in cases where the defendant posed "dangerousness" but was not a "flight risk". *United States v. Gonzales Claudio*, 806 F.2d at 339. In the instant case said distinction is not applicable since the court concludes that the defendant poses "danger" and is a "flight risk".

Examining the criteria of government responsibility for the delay, this court recognizes that as in *Gonzales Claudio* there was delay in the early stages of the case caused by untimely production of discovery by the Government.[6] The delay in the instant case, since February 1998 until the present is mainly because counsel in the instant case have had conflicts of calendars in trial settings of older and/or earlier set for trial cases before this district. Performing the balanc-'

---

**4.** Delays attributable to the defendant are not to be weighted against the government applying the Baker test. *United States v. DiFrancesco*, 604 F.2d 769, 776–776 (2d Cir.1979) (defense counsel's illness, motions other trials); *United States v. Vila*, 599 F.2d 21, 24, *cert. denied* 444 U.S. 837, 100 S.Ct. 73, 62 L.Ed.2d 48 (1979) (postponement of first trial at defense's request).

**5.** The court is aware that delays approaching one year are "presumptively prejudicial" *Doggett v.*

*United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). However the presumption has been overridden by the fact that the delays are attributed to defendants even prior to one year.

**6.** The government is ultimately responsible notwithstanding AUSA'S maternity leave causing some of the delay in the production of discovery.

ing test required under the case of *U.S. v. Gonzales Claudio*, 806 F.2d at 340–344 in this complex case involving around twenty defendants the Court concludes that there is no 5th Amendment Due Process Violation. The court explains.

Although the Government was responsible for delay in the early stages of the case [after ninety days from detention, 18 U.S.C. § 3164(b) [7], but not after the tenth month (February 1998) ] most of the pretrial delay is due to the complexity of the case (over four hundred and twenty five docket entries; over twenty bail related entries; over fifty discovery related entries; in excess of ten dispositive motions). Also delay was caused by the lack of communication between counsel and their defendant clients (counsel Pérez Mayol with defendant Edwin Flores, counsel Pérez Olivo with co-defendant Miguel Rivera Santos, (Docket # 251) counsel Erick Quetglas with codefendant Torres Alicea; counsel Marlene Aponte with co-defendant W. Soto; counsel José F. Quetglas with co-defendant V. Negrón Maldonado Docket # 293—some of said matters caused hearings). The pretrial delay after February 1998 was caused mostly because of the continuances from April 1998 to December 1998 for trial settings due to counsel's criminal trial commitments on older and/or prior scheduled cases (including counsel for the proponent Anglada who requested a continuance because of a trial previously scheduled before Judge Fusté, Cr. 97–229). The court does not consider that pre-trial delay after the ninetieth day (July 1997) up to February 3, 1998 is excessive considering the complexity of the instant case (over two hundred and twenty docket entries in said period of time).[8] Finally the request for bail is untimely since

the same was made on the eve of trial, November 5, 1998, trial being scheduled for December 1998. The due process claim under the 5th Amendment is therefore Denied.

IT IS SO ORDERED.

---

7. The case can not be tried sooner than the ninetieth day after the detention pursuant to the Speedy Trial Act.

8. Defendant is reminded that there are twenty (20) other Co-defendant in the case entitled to receive due process, to request discovery, to file motions to dismiss and to suppress, etc. and further that persons indicted together should be tried together specially where generally most of the same evidence is admissible against all defendants. *United States v. Ciampaglia*, 628 F.2d 632, 643 (1st Cir)., cert. denied 449 U.S. 956, 101 S.Ct. 365, 66 L.Ed.2d 221 (1997). (Sever-

ance was inappropriate "[W]here all of the counts tried together are directly related to and part of the same overall scheme and transaction, and where separate trials would have necessarily involved repetitive use of most of the same evidence and same facts ...") Moreover severance is to be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury form making a reliable judgement absent guilt or evidence", *Zafiro v. United States*, 506 U.S. 534, 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).